IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02713–REB–KMT

DAVID L. HAMILTON, an individual,

    Plaintiff,

v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation,
GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company,
STEPHEN P. GALLAGHER, individually,
HOLLY A. COOK, individually,
DAVID J. GOLDBERG, individually,
MICHAEL J. BUSHELL, individually, and
SCOTT L. CROSBIE, individually,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff's "Motion to Reconsider Minute Order Denying Ex Parte Motion for Issuance of Notice of Pending Action - Lis Pendens" (Doc. No. 8, filed November 8, 2010).

    A litigant subject to an adverse judgment, and who seeks reconsideration by the court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R.

Civ. P. 59(e). The court will consider Plaintiff's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the order was entered on November 17, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F .3d 1005, 1012 (10th Cir. 2000).

This court denied Plaintiff's "Ex Parte Motion for Issuance of Notice of Pending Action-Lis Pendens" (Doc. No. 4) on the basis that the California lis pendens statutes do not authorize recording a notice of litigation that is pending in the courts of another state. (Doc. No. 7 [citing *Formula Inc. v. Superior Court*, 168 Cal. App. 4th 1455, 1462 (Cal. Ct. App. 2008)].) Plaintiff seeks reconsideration, arguing that "CA C.C.P. § 405.5, the California lis pendens statute [states that,] 'This title applies to an action pending in any United States District court in the same manner that it applies to an action pending in the courts of this state.' " (Doc. No. 8, ¶ 4.) In fact, § 405.50 of the Cal. Civ. Proc. Code pertains to withdrawal of the notice of pendency of an action and states as follows:

> At any time after notice of pendency of an action has been recorded pursuant to this title or other law, the notice may be withdrawn by recording in the office of the recorder in which the notice of pendency was recorded a notice of withdrawal executed by the party who recorded the notice of pendency of action or by the party's successor in interest. The notice of withdrawal shall be acknowledged.

Cal. Civ. Proc. Code § 405.50.  Thus, § 405.5 does not apply here, where the court has denied Plaintiff's motion for the issuance of a pending action.  Moreover, § 405.5 does not contain the language quoted by Plaintiff.

Plaintiff has not demonstrated an intervening change in controlling law or presented new evidence, and Plaintiff fails to convince the court of any need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete*, 204 F .3d at 1012.  As such, it is

ORDERED that Plaintiff's "Motion to Reconsider Minute Order Denying Ex Parte Motion for Issuance of Notice of Pending Action - Lis Pendens" (Doc. No. 8) is DENIED.

Dated this 23rd day of November, 2010.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge