IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02713–REB–KMT

DAVID L. HAMILTON, an individual,

    Plaintiff,

v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation,
GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company,
STEPHEN P. GALLAGHER, individually,
HOLLY A. COOK, individually,
DAVID J. GOLDBERG, individually,
MICHAEL J. BUSHELL, individually, and
SCOTT L. CROSBIE, individually,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Motion for Expedited Order to Reconsider Minute Order Denying Ex Parte Motion for Issuance of Notice of Pending Action - Lis Pendens" (Doc. No. 11, filed November 8, 2010).

A litigant subject to an adverse judgment, and who seeks reconsideration by the court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R.

Civ. P. 59(e).  The court will consider Plaintiff's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the order was entered on November 17, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F .3d 1005, 1012 (10th Cir. 2000).

This court denied Plaintiff's "Ex Parte Motion for Issuance of Notice of Pending Action-Lis Pendens" (Doc. No. 4) on the basis that the California lis pendens statutes do not authorize recording a notice of litigation that is pending in the courts of another state.  (Doc. No. 7 [citing *Formula Inc. v. Superior Court*, 168 Cal. App. 4th 1455, 1462 (Cal. Ct. App. 2008)].)  Plaintiff seeks reconsideration, arguing that § 405.5 of the Cal. Civ. Proc. Code provides that, "This title applies to an action pending in any United States District court in the same manner that it applies to an action pending in the courts of this state."  The court previously mistook the section of the Cal. Civ. Proc. Code cited by Plaintiff, section 405.5, for a different section of the Cal. Civ. Proc. Code, section 405.50.  Indeed, pursuant to sections 22, 405.5, and 405.20 of the Cal. Civ. Proc. Code, a lis pendens may be recorded when an action is pending in California state or federal court.

As such, in order to correct clear error, Plaintiff's "Motion for Expedited Order to Reconsider Minute Order Denying Ex Parte Motion for Issuance of Notice of Pending Action - Lis Pendens" (Doc. No. 11) is GRANTED.  The court will approve a notice of pendency of action to be prepared by Plaintiff for approval by the court and not the Clerk of Court.  The notice of pendency of action shall be emailed to Magistrate Judge Tafoya (not submitted for filing to the court) at *Tafoya_Chambers@cod.uscourts.gov*.

Dated this 30th day of November, 2010.

BY THE COURT:

*/s/ Kathleen M. Tafoya*

Kathleen M. Tafoya
United States Magistrate Judge