IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02713-REB-KMT

DAVID L. HAMILTON, an individual,

   Plaintiff,

v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation; GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company; STEPHEN P. GALLAGHER, individually; HOLLY A. COOK, individually; DAVID J. GOLDBERG, individually; MICHAEL J. BUSHELL, individually; and SCOTT L. CROSBIE, individually.

   Defendant(s).

---

## DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11(b) AND REQUEST FOR ATTORNEYS' FEES AND COSTS

---

Defendants Emerald Isle Lending Company, a Colorado corporation ("**Emerald**"), GGBC Investment Properties, LLC, Stephen P. Gallagher, Holly A. Cook and Scott L. Crosbie, through their undersigned counsel, Hatch Halstead LLC, hereby submit the following Defendants' Motion for Sanctions Pursuant to F.R.C.P. 11(b) and Request for Attorneys' Fees and Costs.

### Certificate of Conferral Pursuant to D.C.COLO.LCivR 7.1 and F.R.C.P. 11(c)(2)

The undersigned hereby certifies that the undersigned conferred with Plaintiff prior to filing this Motion and Plaintiff opposes the requested relief. Additionally, the undersigned certifies that pursuant to F.R.C.P. 11(c)(2), this Motion was served in accordance with F.R.C.P. 5 at least twenty one (21) days prior to the filing of this Motion.

1

## I. INTRODUCTION

Rule 11 of the Federal Rules of Civil Procedure requires each litigant, including *pro se* litigants like Plaintiff, to set forth only allegations regarding "factual contentions" that "have evidentiary support." Here, throughout Plaintiff's Federal Complaint, he repeatedly asserts that Defendants made misrepresentations to Plaintiff regarding how the $175,000 loan proceeds would be disbursed. However, during a recent deposition, Plaintiff admitted at the time he filed the Federal Complaint that he did not actually believe the factual allegations he submitted to this Court to be true. This blatant misrepresentation to this Court is precisely the type of conduct that warrants sanctions against Plaintiff and an award of Defendants' attorneys' fees and costs.

## II. ARGUMENT

### A. Plaintiff Violated F.R.C.P. 11(b)(1) Because the Federal Complaint is Presented For Purposes of Unnecessary Delay and to Increase Costs on Defendants.

At the outset of this litigation, the undersigned emailed Plaintiff and informed Plaintiff that the litigation was being initiated for purposes of bad faith and unnecessary delay. Specifically, in the email, the undersigned also informed Plaintiff that he engaged in a series of misrepresentations to the Federal Court. A copy of the email is attached hereto as Exhibit 1. Defendants' counsel also sent a subsequent email to Plaintiff requesting yet again that he withdraw the false allegations, yet Plaintiff consciously ignored Defendants' request. A copy of the subsequent email is attached hereto as Exhibit 2. As fully set forth in the Motion to Dismiss, or in the Alternative for Summary Judgment, Plaintiff has had several opportunities to litigate each and every issue that is the subject of Plaintiff's Federal Complaint. After being thrown out of bankruptcy court,

2

and reprimanded on the record for filing the bankruptcy "in bad faith", Plaintiff Hamilton now seeks to re-litigate the issues previously litigated in the Colorado and California state court actions. Plaintiff's Complaint is simply employed to delay Defendant Emerald Isle Lending Company's legitimate sale of the California Property. By continuing to record frivolous Notices of *Lis Pendens* on the California Property, and by continuing this vexatious litigation, Plaintiff has caused unnecessary delays to Defendant's rightful ownership of the California Property. Accordingly, sanctions are warranted against Mr. Hamilton pursuant to F.R.C.P. 11(b)(1).

### B. Plaintiff Violated F.R.C.P. 11(b)(3) By Misrepresenting to This Court that Mr. Gallagher Made Certain Representations Concerning the Use of the $175,000 Loan Proceeds.

As fully explained in the Reply in Support of Motion to Dismiss, Plaintiff's primary argument to this Court is that Defendant's allegedly misrepresented how the $175,000 loan proceeds would be disbursed. In Plaintiff's First Claim for Relief, Plaintiff represented to this Court that "Mr. Gallagher's misrepresentations were material to Hamilton, individually, and on behalf of Marquis, borrowing $175,000 from Emerald."

However, Mr. Hamilton testified during his deposition that Mr. Gallagher never made any representations to him in connection with the $175,000 loan to Marquis. Therefore, the entire basis of Plaintiff's Federal Complaint is based on an inaccurate premise; namely, that Mr. Gallagher misrepresented how the $175,000 loan proceeds would be used. Specifically, Mr. Hamilton testified as follows:

> Q. No, no. We're still on the first event. You're saying we misrepresented the use of the loan proceeds when you testified, I think three times, that it wasn't us. It was Ms. Walker and Mr. Roberts that told you the funds would go the contractors, correct?

3

A. That's true.

Q. Okay. *So Mr. Gallagher, Ms. Cook, GGBC, Lance Vanzant never misrepresented anything to you about the use of those funds, correct?*

A. *That's true.*

Hamilton Depo., p. 172, ll. 5-14 (emphasis added).

> Q. So the 175- loan or transaction. What specifically do you believe Mr. Gallagher, Ms. Cook or Mr. Vanzant lied or misrepresented to you? Specifically just them.
>
> A. The use of the money, basically.
>
> Q. Okay. I didn't mean to cut you off.
>
> A. That's it.
>
> Q. So the use of the money. What did Mr. Gallagher, specifically him, tell you he was going to use the loan proceeds for?
>
> A. Well, he didn't say he was going to use the loan proceeds.

Hamilton Depo., p. 118, ll. 14-25.

> Q. Did Mr. Gallagher ever tell you how he would use the funds, him personally?
>
> A. No.
>
> Q. Okay. Did Ms. Cook at any time tell you how Emerald Isle or Mr. Gallagher would use the 175,000 loan proceeds?
>
> A. Before the closing, no.
>
> Q. Did Mr. Vanzant, before the closing, tell you how the $175,000 loan proceeds would be used?
>
> A. No.

4

Hamilton Depo, p. 119, ll. 14-23.

> Q. We're going to try to focus. We're talking about the lies, the fraud, and you had indicated that we didn't lie to you about how we were going to spend the 175- -- we're sticking with the 175-. We didn't tell you, we didn't inform you how we were going to spend it. Is that fair?
>
> A. That may be more accurate.

Hamilton Depo., p. 151-152, ll. 24-5.

Instead, Mr. Hamilton admitted that it was <u>Norma Walker</u> and not Defendants that supplied the allegedly false information. Specifically, Mr. Hamilton testified:

> Q. So if it wasn't our side that gave you the impression on how the funds would be used, because you had no communications other than the car with anyone on our side, who gave you this idea that the funds were going to go to pay contractors?
>
> A. Well, the information came from Norma Walker.
>
> Q. Okay. Norma Walker told you that.

Hamilton Depo, p. 123, ll. 18-25.

Furthermore, Mr. Hamilton testified that Norma Walker is <u>not</u> the agents of any of the Defendants, despite his representations to the contrary in the Federal Complaint.

> Q: Okay. And you just stated on the record that Ms. Walker was not the agent of Mr. Gallagher or his entities, correct?
>
> MR. VELARDE: Objection to form.
>
> A: *Sitting here today that's become apparent.*

Hamilton Depo., p. 106, ll. 9-14 (emphasis added).

When pressed as to why Mr. Hamilton blatantly misrepresented to this Court that Norma Walker was the agent of Defendants, Mr. Hamilton had no justification, other

5

than to re-affirm that he believes today that Norma Walker is not the agent of Defendants.

> Q. (BY MR. RAY)  You testified that Norma Walker, you believe, is not the agent of GGBC or Mr. Gallagher, correct?
>
> A. *Sitting here today from what I've gathered.*

Hamilton Depo., p. 182-187, ll. 18-9.

This blatant inconsistency and misrepresentations to this Court are exactly the type of conduct that warrants sanctions pursuant to F.R.C.P. 11(b)(3). Defendants specifically request payment of Defendants' attorneys' fees and costs incurred in being required to defend against this vexatious and the patently untrue allegations contained in the Federal Complaint. The committee comments to F.R.C.P. 11 specifically authorize this Court to award Defendants their attorneys' fees and costs. *See, e.g.,* "Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party." Therefore, Defendants respectfully request this Court impose sanctions on Plaintiff in the form of an order requiring Plaintiff to reimburse Defendants for all attorneys' fees and costs incurred in this matter.

WHEREFORE, Defendants respectfully pray this Court grant this Motion and award Defendants their reasonable attorneys' fees and costs incurred in defending this matter.

Respectfully submitted this 10th day of March, 2011

HATCH HALSTEAD LLC


By: /s/ Brian T. Ray
    Robert W. Hatch, II, #16888
    Brian T. Ray, #34914
    Hatch Halstead LLC
    730 Seventeenth St., Ste. 200
    Denver, Colorado 80202
    Phone: 303-298-1800
    Facsimile: 303-298-1804
    Email: bray@hatchlawyers.com

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11(b) AND REQUEST FOR ATTORNEYS' FEES AND COSTS** was duly served this March 10, 2011, to each of the following via USPS:

David L. Hamilton
P.O. Box 577452
7423 River Nine Drive
Modesto, CA 95357-7452
*Pro Se*


                                                /s/ Renae L. Friedrichs
                                                Renae L. Friedrichs