IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF COLORADO

Civil Action No. 10cv02713-REB-KMT

David L. Hamilton, an Individual

Plaintiff,

v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation; GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company; STEPHEN P. GALLAGHER, individually; HOLLY A. COOK, individually; DAVID J. GOLDBERG, individually; MICHAEL J. BUSHELL, individually; SCOTT L. CROSBIE, individually;

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 22 2011

GREGORY C. LANGHAM
CLERK

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11(b) AND REQUEST FOR ATTORNEYS' FESS AND COSTS

---

Plaintiff David Hamilton ("Hamilton") submits the following Response in Opposition to Defendants' Motion for Sanctions pursuant to F.R.C.P. 11 (b) and Request for Attorneys' Fees and Costs, states as follows:

I. **INTRODUCTION**

Plaintiff has complied with the provisions of Rule 11 (b) (3) of the Federal Rules of Civil Procedure; "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Defendants' rely upon a very specific line of questioning of Plaintiff in a case involving some of the same Parties and same facts, but line of questioning must be viewed as relevant only to the case in the Denver District Court. The instant case is in its infancy. No

discovery has been taken, nor has Plaintiff been able to locate and serve Defendants Goldberg and Bushell. This Court should find, as the Bankruptcy Court found, there is no justification for Defendants' Motion for Sanctions and deny said Motion.

## II. ARGUMENT

### A. F.R.C.P. 11(b) (1) Has Not Been Violated By Plaintiff

While it is true Defendants' Council suggested this litigation was being initiated for purposes of bad faith and unnecessary delay, it would not be wise for a Plaintiff to simply dismiss its lawsuit based on opposing counsel's email that clearly had no merit. Plaintiff, to his detriment, relied upon similar communications from the same Council sent the day before a scheduled bankruptcy hearing regarding Defendant Emerald's Motion to Dismiss. The email reads in part...."At this point we are *not* inclined to agree to dismiss the bankruptcy and wait until August 24[th] to mediate." The next day at the hearing, Mr. Conant, co-counsel to Mr. Ray, vigorously prosecuted Emerald's motion. *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, P.9, at "F", par.1:5-10 and the attached **Exhibit "H"**. Counsel's email suggested Emerald would oppose its own Motion to Dismiss.

As set forth in Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment, Defendant Emerald was denied a similar Motion for Sanctions by the Honorable Judge Bardwil. *See* Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, P.9, at "F", par.5 and the attached **Exhibit "I"**.

The California case was dismissed upon the Court's finding that it did not have jurisdiction on the matters set forth in Plaintiff's Complaint. The California state court action

was filed on August 3, 2009. The order granting dismissal was entered on December 9, 2010. *See* Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment; Order Granting Emerald Isle Lending Company's Motion for Judgment on the Pleadings, p.1, 26-27 through p.2., 1-2, Defendants' Exhibit 20.

Defendants' allege that "Plaintiff Hamilton now seeks to re-litigate the issues previously litigated in the Colorado and California state court actions." The fact remains, the issues in the instant case have not been litigated as of this date. As explained below, sanctions are not warranted.

**B.    F.R.C.P. 11(b) (3) has not been Violated Plaintiff by Misrepresentations to This Court.**

Defendants' allege in their Motion for Sanctions, "Furthermore, Mr. Hamilton testified that Norma Walker is not the agents of any of the Defendants, despite his representations to the contrary in the Federal Complaint." On February 11, 2011, Plaintiff responded via email to Defendants' notice of the pending Motion for Sanctions. Defendants were reminded that Ms. Walker's and Mr. Roberts' names do not even appear in the instant Complaint.

Defendant Gallagher made certain misrepresentations long after the business relationship between Plaintiff, Ms. Walker and Mr. Roberts ended. He even testified that the loan referenced in the instant case had nothing to do with the Quinlan v. MCW case relating to allegations of unpaid contractors and did not know if the $175,000 loan closed around the time of the Culley closing. The following excerpt was taken from Defendant Gallagher's June 11, 2010 deposition testimony in the Quinlan v. MCW, District Court, Jefferson County, case no. 2009CV2919;

Deposition p.32:1-18

Q   Okay.  When was the first time you had any contact with Mr. Hamilton?

A   I was out in California, and I met with him, and Norma Walker was present.

Q   Okay. And that was, like, in 2007 or something, wasn't it?

A   I'm sorry, I don't know the exact date.

Q   Okay. Had you already acquired some of these properties by the time you first met Mr. Hamilton?

A   I'm not sure.

Q   Okay. And what was the purpose of the meeting?

A   He wanted a $175,000 loan to buy a Ferrari, and I wanted him -- I said, Well, I'll be - I'd be in California, I'd like to meet with him. So we had a brief lunch meeting.

Deposition p.100:10-24

Q   You said that you had agreed to loan Marquis $175,000?

A   Yes, separate from this transaction.

Q   That had nothing to do with this transaction?

A   Nothing.

Q   Were any of those loan proceeds -- well, strike that. That had to do with his purchase of a car?

A   He told me he was buying a Ferrari.

Q   Okay. And was that loan around the time of the Culley closing?

A   I'm sorry, I don't know.

Relevant portions of the Deposition are attached hereto as Exhibit "A".

The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

4

WHEREFORE, Plaintiff request that Defendants' Motion for Sanctions pursuant to F.R.C.P. 11 (b) and Request for Attorneys' Fees and Costs be denied.

Respectfully submitted this 22nd day of March, 2011.

_____
David Hamilton

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 22nd day of March 2011, a true and correct copy of the above and foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11(b) AND REQUEST FOR ATTORNEYS' FESS AND COSTS was served via U.S. Mail, postage prepaid, on the following:

Robert W. Hatch, II
Brian T. Ray
Hatch Jacobs, LLC
950 Seventeenth Street, Suite 1700
Denver, CO 80202

David Hamilton

# EXHIBIT "A"

}

DISTRICT COURT, JEFFERSON COUNTY, COLORADO

Case No. 2009 CV 2919

---

DEPOSITION OF STEPHEN PATRICK GALLAGHER
June 11, 2010

---

QUINLAN CONSTRUCTION, INC., a Colorado corporation,

Plaintiff,

vs.

MCW DEVELOPMENT, LLC; DANIEL L. ROBERTS; MARQUIS INVESTMENTS, INC.; DAVID HAMILTON; GGBC INVESTMENT PROPERTIES, LLC; STEPHEN P. GALLAGHER; and

FIRSTBANK OF SOUTH JEFFCO, N.A.,

Defendants.

---

APPEARANCES:

    DIETZE AND DAVIS, PC
      By Joel C. Maguire, Esq.

      2060 Broadway, Suite 400
      Boulder, Colorado 80302

      Appearing on behalf of
      Plaintiff Quinlan

    Construction, Inc.

    MOYE WHITE, LLP
      By James Belgum, Esq.

      1400 16th Street, 6th Floor
      Denver, Colorado 80202

      Appearing on behalf of
      Defendant Marquis Investments,
      Inc.

```
                              2
1   HATCH JACOBS, LLC
      By Brian T. Ray, Esq.

2     950 17th Street, Suite 1700
      Denver, Colorado 80202

3        Appearing on behalf of
      Defendants GGBC Investment

4        Properties, LLC and Stephen P.
      Gallagher.

5
    ROTHGERBER JOHNSON & LYONS, LLP

6     By Kristin M. Bronson, Esq.
      1200 17th Street, Suite 3000

7     Denver, Colorado 80202
         Appearing on behalf of

8        Defendant FirstBank of South
      Jeffco.

9
    Also Present: David Hamilton

10          John Quinlan
            Kasey McDaniel
```

```
                              32
1   Q   Okay. When was the first time you

2   had any contact with Mr. Hamilton?

3       A   I was out in California, and I met

4   with him, and Norma Walker was present.

5       Q   Okay. And that was, like, in 2007

6   or something, wasn't it?

7       A   I'm sorry, I don't know the exact

8   date.
```

9   Q   Okay. Had you already acquired
10  some of these properties by the time you first met
11  Mr. Hamilton?
12      A   I'm not sure.
13      Q   Okay. And what was the purpose of
14  the meeting?
15      A   He wanted a $175,000 loan to buy a
16  Ferrari, and I wanted him -- I said, Well, I'll be
17  -- I'd be in California, I'd like to meet with
18  him. So we had a brief lunch meeting.

                                100
10      Q   You said that you had agreed to
11  loan Marquis $175,000?
12      A   Yes, separate from this
13  transaction.
14      Q   That had nothing to do with this
15  transaction?
16      A   Nothing.
17      Q   Were any of those loan proceeds --
18  well, strike that.
19          That had to do with his purchase of
20  a car?
21      A   He told me he was buying a Ferrari.
22      Q   Okay. And was that loan around the
23  time of the Culley closing?
24      A   I'm sorry, I don't know.

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

## FACSIMILE COVER SHEET

Pursuant to D.C.COLO.LCivR 5.1, this cover sheet must be submitted with any facsimile filing. A pleading or paper not requiring a filing fee and **no longer than ten pages**, including all attachments, may be filed with the clerk by means of facsimile during a business day. Facsimiles received by the clerk after 5:00 p.m. (Mountain Time) will be considered filed as of the next business day.

Clerk's Office facsimile telephone number: 303-335-2714

1. Date of transmission:        March 22, 2011

2. Name of attorney or *pro se* party making the transmission:

   David Hamilton, *pro se*

   Facsimile number: 209-554-4640    Telephone number: 209-545-4640

3. Case number, caption, and title of pleading or paper:

   IN THE UNITED STATES DISTRICT COURT
   FOR THE STATE OF COLORADO

   Civil Action No. 10cv02713-REB-KMT

   David L. Hamilton, an Individual

   Plaintiff,

   v.

   EMERALD ISLE LENDING COMPANY, a Colorado corporation; GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company; STEPHEN P. GALLAGHER, individually; HOLLY A. COOK, individually; DAVID J. GOLDBERG, individually; MICHAEL J. BUSHELL, individually; SCOTT L. CROSBIE, individually;

   Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11(b) AND REQUEST FOR ATTORNEYS' FESS AND COSTS**

---

4. Number of pages being transmitted, including the facsimile cover sheet: 10

(Rev. (12/08)