**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02713-REB-KMT

DAVID L. HAMILTON, an individual,

          Plaintiff,
v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation; GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company; STEPHEN P. GALLAGHER, individually; HOLLY A. COOK, individually; DAVID J. GOLDBERG, individually; MICHAEL J. BUSHELL, individually; and SCOTT L. CROSBIE, individually.

          Defendant(s).

_____

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11(b) AND REQUEST FOR ATTORNEYS' FEES AND COSTS**
_____

      Defendants Emerald Isle Lending Company, a Colorado corporation ("**Emerald**"), GGBC Investment Properties, LLC, Stephen P. Gallagher, Holly A. Cook and Scott L. Crosbie, through their undersigned counsel, Hatch Halstead LLC, hereby submit the following Defendants' Reply in Support of Motion for Sanctions Pursuant to F.R.C.P. 11(b) and Request for Attorneys' Fees and Costs.

      1.     Plaintiff's primary argument in response to the Motion for Sanctions (the "**Motion**") is that his deposition testimony taken in the Colorado State Court Case (the "**Deposition**") related to different issues than the ones presented in this case and that additional discovery is needed to "prove up" the allegations of the Complaint.

      2.     As can be seen from a full review of the deposition transcripts cited by Defendants, Defendants' counsel's line of questioning during the Deposition were directly related to the allegations made by Plaintiff in his Complaint.

1

3. As explained in the Motion, the entire basis for Plaintiff's claims 1-3 is that Defendant Gallagher "and/or his agents" allegedly misrepresented how the $175,000 loan proceeds would be disbursed. *See, e.g.,* ¶ 23 of Complaint ("Mr. Gallagher's misrepresentations were material to Hamilton . . . borrowing $175,000 from Emerald"); *see also*, ¶ 24 ("At the time Mr. Gallagher made the misrepresentations, Mr. Gallagher either knew that the misrepresentations were false . . ."); *see also*, ¶ 29 of Complaint ("*Mr. Gallagher and/or his agents, intentionally misrepresented to Hamilton that the purchase of the Lakewood Property from GGBC would require additional funds to pay contractors on the Lakewood Property.*") (emphasis added).

4. Therefore, to prevent the imposition of sanctions, Plaintiff must demonstrate that he had a reasonable factual basis for his allegation that "Mr. Gallagher and/or his agents" misrepresented how the loan proceeds would be disbursed. Here, Plaintiff cannot satisfy that standard because Plaintiff <u>conceded</u> during his deposition that Mr. Gallagher <u>never</u> made <u>any</u> representations to him in connection with the $175,000.00 loan. *See*, Deposition transcript cites contained in Motion.

5. In a self serving attempt to save his case, Plaintiff incredulously asserts that "Defendant Gallagher made certain misrepresentations long after the business relationship between Plaintiff, Ms. Walker and Mr. Roberts ended." *See*, Response at p.3. However, the alleged misrepresentations before this Court relate *<u>solely</u>* to how the $175,000 loan proceeds would be disbursed. Moreover, Hamilton has admitted that Defendants never made <u>any</u> misrepresentations on how the loan proceeds would be used.

6. In fact, during the Deposition, Plaintiff admitted that it was not Defendants that made the alleged misrepresentations, but instead non-party Norma Walker. *See* Motion p. 5; *see also*, Deposition transcript, p. 123, ll. 18-25. Plaintiff also admitted that he knew this information at the time he filed the Complaint, therefore, establishing a violation of F.R.C.P. 11(b)(3). The undersigned is also attaching to this Reply as <u>Exhibit 1</u> a full copy of the Deposition transcript to demonstrate that none of the quotes were taken out of context. All of the quoted transcript cites relate to questions involving the very misrepresentation allegations asserted by Plaintiff in this case.

7. Next, Plaintiff cites a deposition transcript of Defendant Gallagher taken in an unrelated case. The deposition testimony only reflects that preliminary discussions involving the $175,000 loan originally related to Mr. Hamilton's desire to acquire a Ferrari. This has no bearing on whether Plaintiff <u>knew</u> at the time he submitted this Complaint to the Court that <u>Defendant Gallagher</u> never made any promises, assurances or representations <u>of any kind</u> as to how the $175,000 loan proceeds would be disbursed. In fact, Plaintiff's deposition testimony conclusively establishes that Plaintiff knew that Defendant Gallagher (or anyone associated with Defendant Gallagher, *see,* Motion at p. 4-5) did not make any representations and that Plaintiff never spoke with Defendant Gallagher regarding how the loan proceeds would be applied.

8. Plaintiff attempts to save his case by arguing that "additional discovery" is needed to "prove up" the allegations of the Complaint. However, Plaintiff does not identify what potential discovery could be had that would render his representations made to this Court truthful. Plaintiff has already admitted that Defendants did not misrepresent <u>anything</u> as Defendants never told Plaintiff how the loan proceeds would

be disbursed. Additional discovery will not change the fact that Defendants never made such representations and that Plaintiff has already admitted this fact.

9. This situation is precisely the type of scenario that this Court should impose sanctions against Plaintiff. Not only has Plaintiff continued to forum shop throughout the country, bringing his claims in four separate courts, but the entire premise of Plaintiff's claims 1-3 are based on the <u>knowingly false</u> allegation that Defendant's misrepresented how the $175,000 loan proceeds would be applied. Accordingly, Defendants request this Court enter an order awarding Defendants their reasonable attorneys' fees and costs incurred in defending this litigation.

Respectfully submitted this 1st day of April, 2011

**HATCH HALSTEAD LLC**

By: */s/ Brian T. Ray*
Robert W. Hatch, II, #16888
Brian T. Ray, #34914
Hatch Halstead LLC
730 Seventeenth St., Ste. 200
Denver, Colorado 80202
Phone: 303-298-1800
Facsimile: 303-298-1804
Email: bray@hatchlawyers.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO F.R.C.P. 11(b) AND REQUEST FOR ATTORNEYS' FEES AND COSTS** was duly served this April 1, 2011, to each of the following via USPS:

David L. Hamilton
P.O. Box 577452
7423 River Nine Drive
Modesto, CA 95357-7452
*Pro Se*

/s/ *Renae L. Friedrichs*
Renae L. Friedrichs