IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–02713–REB–KMT

DAVID L. HAMILTON, an individual,

    Plaintiff,

v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation,
GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company,
STEPHEN P. GALLAGHER, individually,
HOLLY A. COOK, individually,
DAVID J. GOLDBERG, individually,
MICHAEL J. BUSHELL, individually, and
SCOTT L. CROSBIE, individually,

    Defendants.

---

# ORDER

    This case comes before the court on "Defendants' Motion for Sanctions Pursuant to F.R.C.P. 11(b) and Request for Attorneys' Fees and Costs" (Doc. No. 57 [Mot.], filed March 10, 2011). Plaintiff filed his Response on March 22, 2011 (Doc. No. 62 [Resp.]), and Defendants filed their Reply on April 1, 2011 (Doc. No. 64 [Reply].) The motion is ripe for ruling.

    Rule 11 provides that by signing his Complaint, Plaintiff certifies that "it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or

reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b).  Rule 11 authorizes the Court to impose sanctions on parties unrepresented by counsel who file frivolous pleadings which are not well-grounded in law.

In Plaintiff's First and Second Claims for Relief, Plaintiff alleges that Defendants fraudulently and negligently misrepresented that loan proceeds would be disbursed to Defendants and claims that instead the loan proceeds were to be used to pay outstanding contractor bills.  (Compl., ¶¶ 22–34.)  In his Third Claim for Relief, Plaintiff asserts a claim that the defendants were unjustly enriched by distributions they received from Defendant GGBC in connection with GGBC's sale of the Lakewood Property described below.  (*Id.*, ¶¶ 35–43.)  In Plaintiff's Fourth Claim for Relief, he alleges that Defendant Emerald's loan to Marquis and Hamilton violated California's usury law.  (*Id.*, ¶¶ 44–47.)  In his Fifth Claim for Relief, Plaintiff alleges Defendant Emerald violated the automatic bankruptcy stay when it conducted a California private trustee sale of California property following Plaintiff's default under the note. (*Id.*, ¶¶ 48–57.)

The court adopts the detailed recitation of the facts set forth in its Recommendation issued on April 6, 2011.  Defendants seek sanctions under Fed. R. Civ. P. 11(b) in the form of attorneys' fees and costs, for what they categorize as Plaintiff's misrepresentations to the Court regarding assertions made in Plaintiff's Complaint about Defendants' conduct in disbursing loan proceeds.  (Mot. at 2.) Defendants argue that "Plaintiff has had several opportunities to litigate each and every issue that is the subject of Plaintiff's Federal Complaint" and that he now is attempting to relitigate the issues in this Court.  (Mot. at 2–3.)  Defendants also argue that during

a recent deposition, Plaintiff admitted at the time he filed his Complaint he did not believe the factual allegations made in his Complaint to be true as to Defendant Gallagher. (*Id.* at 2.)

In its Recommendation on "Defendants' Motion to Dismiss, Or in the Alternative, Motion for Summary Judgment" (Doc. No. 65), this court addressed the merits of only Plaintiff's Fourth and Fifth Claims for relief, which had nothing to do with the disbursement of the loan proceeds at issue. (*See id.*) The court recommended that Plaintiff's First, Second, and Third Claims for Relief be deferred, under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), pending resolution of the case filed in the Colorado State Court. (*See* Doc. No. 65 at 18–23, 30.) Thus, this court made no judgment regarding the validity of Plaintiff's First, Second, and Third Claims for Relief. As such, Defendants' Motion for Sanctions, based on alleged misrepresentations made by Plaintiff in regard to these claims, is premature. Moreover, the Recommendation has not been accepted by the District Court.

Accordingly, it is

**ORDERED** that "Defendants' Motion for Sanctions Pursuant to F.R.C.P. 11(b) and Request for Attorneys' Fees and Costs" (Doc. No. 57) is DENIED without prejudice as premature.

Dated this 13th day of May, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge