**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02713-REB-KMT

DAVID L. HAMILTON, an individual,

    Plaintiff,

v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation,
GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company,
STEPHEN P. GALLAGHER, individually,
HOLLY A. COOK, individually,
DAVID J. GOLDBERG, individually,
MICHAEL J. BUSHELL, individually, and
SCOTT L. CROSBIE, individually,

    Defendants.

**ORDER OVERRULING OBJECTIONS TO AND ADOPTING
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#65][1] filed April 6, 2011; and (2) **Plaintiff's Response and Objections to the Magistrate Judge's Proposed Findings and Recommendations** [#74] filed May 2, 2011.  I overrule the objections, adopt the recommendation, and grant in part **Defendants' Motion To Dismiss, or in the Alternative, Motion for Summary Judgment** [#23] filed January 7, 2011, consistent with the following findings, conclusions, and orders.

---

[1] "[#65]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, objections, and applicable caselaw. Moreover, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The recommendation is detailed and well-reasoned. Contrastingly, plaintiff's objections are imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#65] filed April 6, 2011, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in **Plaintiff's Response and Objections to the Magistrate Judge's Proposed Findings and Recommendations** [#74] filed May 2, 2011, are **OVERRULED**;

3. That **Defendants' Motion To Dismiss, or in the Alternative, Motion for Summary Judgment** [#23] filed January 7, 2011, is **GRANTED IN PART** as follows;

    a. With respect to plaintiff's First, Second, and Third Claims for Relief

>    against defendants, Emerald Isle Lending Company, GGBC Investment
>    Properties, LLC, and Stephen P. Gallagher, on the basis of the doctrine
>    articulated in *Colorado River Water Conservation District v. United
>    States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976);
>
>    b.  With respect to plaintiff's Third Claim for Relief against defendants,
>    Holly A. Cook, David J. Goldberg, Michael J. Bushnell, and Scott L.
>    Crosbie;
>
>    c.  With respect to plaintiff's Fourth and Fifth Claims for Relief against
>    defendant Emerald Isle Lending Company;

4.  That in all other respects, defendants' motion is **DENIED**;

5.  That plaintiff's Third Claim for Relief against defendants, Holly A. Cook, individually, David J. Goldberg, individually, Michael J. Bushnell, individually, and Scott L. Crosbie, individually, as well as plaintiff's Fourth and Fifth Claims for Relief against defendant, Emerald Isle Lending Company, a Colorado corporation, are **DISMISSED WITH PREJUDICE**;

6.  That at the time judgment enters, judgment **SHALL ENTER** in favor of defendants, Holly A. Cook, individually, David J. Goldberg, individually, Michael J. Bushnell, individually, and Scott L. Crosbie, individually, against plaintiff, David L. Hamilton, on plaintiff's Third Claim for Relief; provided, that the judgment as to this claim as against these defendants **SHALL BE WITH PREJUDICE**;

7.  That at the time judgment enters, judgment **SHALL ENTER** in favor of defendant, Emerald Isle Lending Company, a Colorado corporation, against plaintiff,

David L. Hamilton, on plaintiff's Fourth and Fifth Claims for Relief; provided, that the judgment as to these claims **SHALL BE WITH PREJUDICE**;

    8.  That defendants, Holly A. Cook, individually, David J. Goldberg, individually, Michael J. Bushnell, individually, and Scott L. Crosbie, individually, are **DROPPED** as named parties to this action, and the case caption **AMENDED** accordingly;

    9.  That the court **DEFERS** further consideration of plaintiff's First, Second, and Third Claims for Relief on the basis of the *Colorado River* doctrine until the parallel Colorado state court case is concluded; and

    10.  That pursuant to D.C.COLO.LCivR 41.2, the clerk of the court is **DIRECTED** to close this case administratively, subject to reopening for good cause shown at the conclusion of the parallel state court proceeding.

    Dated May 23, 2011, at Denver, Colorado.

                                      **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge