**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-02713-REB-KMT

DAVID L. HAMILTON, an individual,

      Plaintiff,

v.

EMERALD ISLE LENDING COMPANY, a Colorado corporation,
GGBC INVESTMENT PROPERTIES, LLC, a Colorado limited liability company,
STEPHEN P. GALLAGHER, individually,

      Defendants.

---

**ORDER DENYING MOTION FOR ENTRY OF FINAL ORDER
AND CERTIFICATION FOR APPEAL PURSUANT
TO F.R.C.P. 54(b) ON THE FIFTH CLAIM FOR RELIEF**

---

**Blackburn, J.**

      The matter before me is **Plaintiff's Motion for Entry of Final Order and**

**Certification for Appeal Pursuant to F.R.C.P. 54(b) on the Fifth Claim for Relief**

[#67][1] filed April 15, 2011.  I deny the motion.

      Rule 54(b) provides that

> [w]hen an action presents more than one claim for relief . . .
> the court may direct entry of a final judgment as to one or
> more, but fewer than all, claims or parties only if the court
> expressly determines that there is no just reason for delay.
> Otherwise, any order or other decision, however designated,
> that adjudicates fewer than all the claims or the rights and
> liabilities of fewer than all the parties does not end the action
> as to any of the claims or parties . . .

---

[1] "[#67]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

**FED. R. CIV. P.** 54(b).  Compliance with the rule requires that I find both that the

judgment as to which certification is sought is final "in the sense that it is an ultimate

disposition of an individual claim entered in the course of a multiple claims action" and

further that there exists no just reason to delay entry of judgment.  ***Curtiss-Wright***

***Corp. v. General Electric Co.***, 446 U.S. 1, 8, 100 S.Ct. 1460, 1464-65, 64 L.Ed.2d 1

(1980) (citation and internal quotation marks omitted).  My discretion to grant or deny

certification "is to be exercised 'in the interest of sound judicial administration.'"  ***Id.***, 100

S.Ct. at 1465 (quoting ***Sears, Roebuck & Co. v. Mackey***, 351 U.S. 427, 435, 76 S.Ct.

895, 899, 100 L.Ed. 1297 (1956)).

      In determining whether the judgment is final for purposes of Rule 54(b), "[f]actors

the district court should consider are 'whether the claims under review [are] separable

from the others remaining to be adjudicated and whether the nature of the claims

already determined [are] such that no appellate court would have to decide the same

issues more than once even if there were subsequent appeals.'"  ***Stockman's Water***

***Co., LLC v. Vaca Partners, L.P.***, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting

***Curtiss-Wright Corp.***, 100 S.Ct. 1465 (second and third alterations in ***Stockman's***).

      Plaintiff has failed to make any showing as to either of these essential elements

necessary for relief under Rule 54(b).  Although I have adopted the magistrate judge's

recommendation that summary judgment be granted as to plaintiff's Fifth Claim for

Relief (***see* Order Overruling Objections to and Adopting Recommendation of the**

**United States Magistrate Judge** [#76] entered May 23, 2011), three other claims

remain viable, albeit deferred pending resolution of the parallel state litigation.  It would

not promote the sound administration of justice to allow plaintiff to yet further splinter his litigations efforts by prosecuting an appeal of this discrete claim.

**THEREFORE, IT IS ORDERED** that **Plaintiff's Motion for Entry of Final Order and Certification for Appeal Pursuant to F.R.C.P. 54(b) on the Fifth Claim for Relief** [#67] filed April 15, 2011, is **DENIED**.

Dated May 23, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge